NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| **DATTILO REALTY,** | : : : | |
| **Plaintiff,** | : : : | Civil Action No. 09-2278 (ES) |
| v. | : : : | |
| **CHEVRON, U.S.A., INC, et al.** | : : : | **OPINION AND ORDER** |
| **Defendants.** | : : : | |

**WALDOR, United States Magistrate Judge**

Currently before this Court is a motion by Plaintiff Dattilo Realty, L.L.C. ("Plaintiff") for leave to file a second amended complaint to add as new plaintiffs: the Estate of Rose Dattilo, Edward Dattilo and, via Guardian ad Litem Lizanne Ceconi, Esq., John Dattilo, Jr. ("Motion to Amend," Dkt. No. 44). Having considered the parties' submissions, the Court decides the Motion to Amend without oral argument pursuant to FED. R. CIV. P. 78. For the reasons set forth below Plaintiff's Motion to Amend is hereby **GRANTED**.

**I. Background**

Plaintiff commenced this action on or about March 30, 2009 in the Superior Court of New Jersey, Law Division, Union County. (*See* Dkt. No. 1). The action was subsequently removed to this Court. (*Id.*). On January 27, 2012, Defendant Chevron, U.S.A., Inc. ("Defendant") moved to partial summary judgment dismissing Plaintiff's claims for breach of contract, negligence and under the New Jersey Environmental Rights Act ("ERA"), N.J.S.A. §

2A:35A-1 *et seq.* (Dkt. 40). On March 26, 2012, by way of a cross motion to Defendant's pending summary judgment motion, Plaintiff filed the instant Motion to Amend and attached the proposed second amended complaint. ("SAC," Dkt. No. 44-4, Exhibit A to the Certification of David R. Forrey dated March 29, 2012). The SAC seeks to add new plaintiffs, the Estate of Rose Dattilo, Edward Dattilo and, via Guardian ad Litem Lizanne Ceconi, Esq., John Dattilo, Jr. (Motion to Amend). Edward Dattilo and John Dattilo, Jr. (the "New Plaintiffs") are the sole principals of Plaintiff. (SAC, ¶ 15). By Letter Order dated September 28, 2012, the Honorable Esther Salas granted in part and denied in part Defendant's partial motion for summary judgment. ("Summary Judgment Order," Dkt. No. 49). Defendant's motion for reconsideration of the Summary Judgment Order is currently pending before the Court. (Dkt. No. 50).

According to the SAC, Rose Dattilo and John Dattilo, Sr. formerly owned a gasoline service station located at 502 Elizabeth Avenue, Elizabeth, New Jersey (the "Property"). (SAC, ¶ 7). The Property was purchased from Rose Huscher on May 19, 1961. (*Id.* ¶ 8). On January 24, 1967, John and Rose Dattilo entered into a lease agreement (the "Lease") with Chevron Oil Company ("Chevron"). (*Id.* ¶ 10). Accordingly, Chevron leased the Property from 1967 to 1982,[1] and in 1982, it vacated the Property and removed, in relevant part, the underground tank storage system that it installed. (*Id.* ¶¶ 12-13). Although there have been subsequent tenants, no gasoline has been dispensed from the Property since Chevron vacated the Property. (*Id.* ¶ 14).

Rose Dattilo died in 1995. (*Id.* ¶ 15). The New Plaintiffs, as executors of Rose Dattilo's estate and the beneficiaries thereunder, inherited the Property and subsequently transferred ownership in the property to Plaintiff. (*Id.*). It is alleged that in August 2008, gasoline leakage

---

[1] John Dattilo died in 1972, at which point Rose Dattilo became the sole owner of the Property. (*Id.* ¶ 12).

from the underground storage tanks, which contaminated the soil and possibly the groundwater at the Property, was discovered. (*Id.* ¶ 17).

Accordingly, the SAC alleges three causes of action: (1) breach of contract against Defendant pursuant to the Lease in which Chevron was obligated to maintain and repair the underground gasoline storage system and to indemnify the Dattilos from damage to the Property (Count I; *Id.* ¶¶ 20-21); (2) negligence in that Defendant negligently failed to repair and maintain the underground storage tanks during the time of the Lease (Count II; *Id.* ¶ 25); and (3) a claim for contribution under the New Jersey Spill Compensation and Control Act (Count IV; *id.* ¶¶ 28-37).[2]

## II.   Legal Analysis

FED. R. CIV. P. 15(a)(2) allows a party to amend its pleading by leave of court when justice so requires. FED. R. CIV. P. 15(a)(2). Leave to amend pleadings is to be freely given. FED. R. CIV. P. 15(a)(2); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962). The decision to grant leave to amend rests within the discretion of the court. *Foman*, 371 U.S. at 182. Pursuant to *Foman*, leave to amend may be denied on the basis of: (1) undue delay; (2) bad faith or dilatory motive; (3) undue prejudice to the opposing party; and (4) futility of amendment. *Id.* "Only when these factors suggest that amendment would be 'unjust' should the court deny leave." *Arthur v. Maersk, Inc.*, 434 F.3d 196, 203 (3d Cir. 2006) (internal citations omitted).

Here, Defendant opposes Plaintiff's Motion to Amend on the basis of undue delay, prejudice and futility of the proposed amendment. (Brief in Opposition to Plaintiff's Motion for

---

[2] In the Summary Judgment Order, Judge Salas granted dismissal of Plaintiff's third cause of action under the New Jersey Environmental Rights Act, N.J.S.A. § 2A:35A-1 *et seq.*, but declined to dismiss Plaintiff's breach of contract and negligence claims due to the pending Motion to Amend. (Dkt. No. 49).

Leave to File a Second Amended Complaint ("Defendant's Opp."), p. 1; Dkt. No. 45). These arguments are addressed in turn below.

### A.     *Futility*

An amendment is considered futile if it advances a claim or defense that is legally insufficient on its face. Courts may properly deny a motion to amend when the amendment would not withstand a motion to dismiss. *Massarsky v. General Motors Corp.*, 706 F.2d 111, 125 (3d Cir. 1983).

With respect to futility, "[it is] clear that an amendment would be futile when 'the complaint, as amended, would fail to state a claim upon which relief could be granted.'" *In re NAHC, Inc. Sec. Litig.*, 306 F.3d 1314, 1332 (3d Cir. 2002) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997)); *see also Harrison Beverage Co. v. Dribeck Imps., Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990) (reasoning that an amendment is futile if it "is frivolous or advances a claim or defense that is legally insufficient on its face" (citations and footnotes omitted)). As such, "[i]n assessing futility, the district court applies the same standard of legal sufficiency as applies under Rule 12(b)(6)." *Burlington*, 114 F.3d at 1434 (citing *Glassman v. Computervision Corp.,* 90 F.3d 617, 623 (1st Cir. 1996) (further citation omitted)). The Court therefore must accept all factual allegations as true "as well as the reasonable inferences that can be drawn from them." *Brown v. Philip Morris, Inc.*, 250 F.3d 789, 796 (3d Cir. 2001).

Here, Defendant argues that Plaintiff's Motion to Amend is futile for a number of reasons, *inter alia*, that: (i) there is a lack of privity in that the Lease defines the Lessor as "John Dattilo and Rose Dattilo, his wife, as individuals" and does not include heirs, successors, assigns

or executors (Defendant's Opp., p. 9); (ii) the Estate or the New Plaintiffs have not incurred damages as a result of the contamination (*Id.*, p. 10); (iii) it is unlikely that the New Plaintiffs would face personal liability for the contamination because Plaintiff is a limited liability company to which Plaintiffs are members (*Id.*, p. 11-12); (iv) Defendant did not breach the Lease (*Id.*, p. 13-14); (v) the New Plaintiffs are not third-party beneficiaries of the Lease (*Id.*, p. 15-17); and, finally, (vi) Plaintiff's breach of contract claim is barred by the applicable statute of limitations. (*Id.*, p. 10). Notably, other than the statute of limitations argument, Plaintiff does not address Defendant's other futility arguments.

To state a claim for breach of contract, a plaintiff must allege: (1) a valid contract existed between plaintiff and defendant; (2) defendant breached the contract; (3) plaintiff performed all obligations under the contract; and (4) plaintiff was damaged as a result of the breach. *See Mezzina v. U.S. Dept. of Housing and Urban Devel.*, 2008 WL 630481, *2 (D.N.J. March 7, 2008) *citing Video Pipeline, Inc. v. Buena Vista Home Entm't, Inc.,* 275 F.Supp.2d 543, 566 (D.N.J. 2003). The Court finds that the SAC sufficiently alleges the second, third and fourth elements of a claim for breach of the Lease. (SAC, ¶¶ 19-23). The only issue for discussion is to the first element, whether a contract existed between Defendant and the New Plaintiffs, what Defendant characterizes as a lack of privity. (Defendant's Opp., ps. 4, 9). Defendant does not dispute that it entered into the Lease with John and Rose Dattilo. (*Id.*, p. 9). Defendant argues, however, that there is no privity of that Lease between it and the New Plaintiffs, the executors of the estate of Rose Dattilo and the beneficiaries thereunder. (SAC, ¶¶ 2-3, 15).

The Court finds that Plaintiff has sufficiently pled a claim for relief. A party opposing the amendment on the basis of futility cannot contest the factual allegations that the proposed

claim relies on. Juan Su v. Guang Yang Li, No. 10–5268, 2011 WL 3329882, at *4 (D.N.J. Aug. 1, 2011). The issue is not whether the plaintiff will ultimately prevail but whether it has sufficiently pled factual allegations that afford the plaintiff the right to offer evidence in support of the claim. See In re Merck & Co., MDL No. 1658, 2008 WL 2788400, at *4-5 (D.N.J. June 17, 2008). Here, Plaintiff has clearly alleged a violation of the contract to which the New Plaintiffs were a party and claimed that the presently pled Plaintiff and the New Plaintiff are entitled to relief for that breach under the law. As such, the contract claim in the SAC survives and the amendment is granted.

Additionally, contrary to Defendant's claim of expiry of the statute of limitations since the Lease was terminated in 1982 (Defendant's Opp., p. 18), the SAC alleges that Defendant's breach of the Lease was discovered in August 2008 when it was found "that gasoline had leaked from the USTs contaminating the soil and possible the groundwater" on the Property. (SAC, ¶ 17). The instant action was commenced in 2009. (Dkt. No. 1).[3] "New Jersey recognizes the 'discovery rule' as an exception to the six year statute of limitations set forth in section 2A:14-1." *Nix v. Option One Mortg. Corp.*, 2006 WL 166451, *10 (D.N.J. Jan. 19, 2006) *citing Cinnaminson Twp. Board of Educ. v. U.S. Gypsum Co.,* 552 F.Supp. 855, 858 (D.N.J. 1982) ("The six-year period of limitations contained in 2A:14-1 may be subject to the discovery rule."). Under the discovery rule, "the accrual of a cause of action is delayed until the injured party discovers, or by the exercise of reasonable diligence and intelligence should have discovered, that he may have a basis for an actionable claim." *Id.,* at *10 citing RTC Mortg. Trust 1994N-1 v. Fidelity Nat'l Title Ins. Co.,* 58 F.Supp.2d 503, 543 (D.N.J. 1999).

---

[3] Plaintiff's brief in reply to Defendant's Opposition states that Plaintiff did not have knowledge of the contamination until 2007. (Dkt. No. 47, p. 10). Even if the breach was discovered in 2007, the claim, filed in in 2009, is still within the six year statute of limitations.

"Factors the court considers when applying the discovery rule are the nature of the alleged injury, the availability of witnesses and written evidence, the length of time that has elapsed since the alleged wrongdoing(s) and whether the delay has unusually prejudiced the defendant." *Berlin, Sachs & Werkstell v. Cart-Wright Industries, Inc.*, 1990 WL 126197, *5 (D.N.J., Aug. 27. 1990) *citing Lopez v. Swyer,* 62 N.J. 267, 271–74 (1973) and *O'Keefe v. Snyder,* 83 N.J. 478, 491–93 (1980) (the purpose of the discovery rule is to avoid harsh results from the mechanical application of the statute of limitations).

While Defendant argues that the discovery rule is inapplicable in the instant case, the Court finds otherwise. According to the SAC, Defendant removed the underground storage system that it installed when it vacated the Property in 1982. (SAC, ¶¶ 13; 17). The injury alleged is an underground leak which contaminated the soil and possibly the groundwater. (*Id.*). Because of the nature of the injury alleged, an underground leak which contaminated the soil and possibly the groundwater, it is unreasonable to assume that Plaintiff, the New Plaintiffs or their predecessors in interest, John and Rose Dattilo, should have investigated a leak at that time. And, while a significant amount of time has passed since the purported breach, the Court finds that the prejudice to Defendant is minimal.

To sufficiently plead a claim for negligence, a plaintiff must allege: "(1) a duty of care owed by defendant to plaintiff; (2) a breach of that duty by defendant; and (3) an injury to plaintiff proximately caused by defendant's breach." *Bethea v. Roizman*, 2012 WL 4490759, *23 (D.N.J. Sept. 27, 2012) *citing Endre v. Arnold,* 300 N.J.Super. 136, 142, 692 A.2d 97 (App.Div.1997). In opposing the addition of the New Plaintiffs with respect to the negligence claim, Defendant purports to rely on its brief in support of its motion for partial summary

judgment (Dkt. No. 40) which was denied by the Summary Judgment Order. There, Defendant argues that Plaintiff has failed to demonstrate evidence of negligence.[4] (Dkt. No. 40, p. 22-24). Because motions to amend are decided in accordance with Rule 12(b)(6), *Burlington*, 114 F.3d at 1434, the question is not whether Plaintiff and the New Plaintiffs can prove their negligence claim through evidence, but rather, whether they have sufficiently alleged it. Accordingly, Defendant's argument as to the negligence claim is better left for the pending motion for reconsideration and any subsequent motion for summary judgment.

While Defendant's remaining arguments may be fatal to Plaintiff and the New Plaintiffs claims on summary judgment, they are not fatal here. The Court finds that on the face of the proposed SAC, Plaintiff, including the New Plaintiffs, has adequately pleaded claims for both breach of contract and negligence within the confines of Fed. R. Civ. P. 12(b)(6).

B. *Undue Delay and Prejudice*

The Court next considers Defendant's arguments with respect to undue delay and prejudice. In determining whether an amendment should be denied for undue delay, the Court must "focus on the plaintiffs' motives for not amending their complaint to assert [the proposed] claim earlier[.]" *Adams v. Gould*, 739 F.2d 858, 868 (3d Cir. 1984). "There is no presumptive period in which a motion for leave to amend is deemed 'timely' or in which delay becomes 'undue.'" *Coulson v. Town of Kearny*, No. 07-5893, 2010 U.S. Dist. LEXIS 3711, at *8 (D.N.J. Jan. 19, 2010). "The passage of time, without more, does not require that a motion to amend a complaint be denied; however, at some point, the delay will become 'undue,' placing an unwarranted burden on the court[.]" *Adams*, 739 F.2d at 868. "Delay may become undue when

---

[4] The topic of Defendant's currently pending motion for reconsideration is that Plaintiff failed to put forth evidence of negligence such that Defendant is entitled to summary judgment dismissing the negligence claim. (Dkt. No. 50).

a movant has had previous opportunities to amend the complaint." *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001). In other words, the Court should also consider whether "new information came to light or was available earlier to the moving party." *In re Adams Golf, Inc. Secs. Litig.*, 381 F.3d 267, 280 (3d Cir. 2004).

In opposing the Motion to Amend, Defendant argues that Plaintiff has delayed for three years in joining the New Plaintiffs (Defendant's Opp., p. 3-5), that the amendment would be prejudicial because discovery is closed and would need to be reopened if the New Plaintiffs were added (*Id.*, p. 5-8), and that Plaintiff failed to comply with court orders setting deadlines for amendments. (*Id.*, p. 8). In determining whether the instant motion was the result of undue delay, this Court must examine Plaintiff's reasons for not moving to amend sooner. *AstraZeneca AB v. Ranbaxy Pharms., Inc.*, No. 05-5553, 2008 U.S. Dist. LEXIS 102097, at *21 (D.N.J. Dec. 15, 2008). In doing so, the Court finds that Plaintiff has not unduly delayed in seeking to amend the complaint.

Moreover, delay alone does not justify denying a motion to amend. *Cureton*, 252 F.3d at 273. Rather, only when the delay places an unwarranted burden on the court or on the opposing party is a denial on the basis of delay appropriate. *Adams*, 739 F.2d at 868. Here, Defendant fails to demonstrate that the amendment would be prejudicial. At most, Defendant claims it is prejudiced by having to conduct some additional discovery with respect to documents of the Estate of Rose Dattilo. This argument is unavailing. Defendant entered into the Lease with John and Rose Dattilo. (SAC, ¶ 10). The instant action pertains to a purported breach of that very Lease. Since the New Plaintiffs are the same individuals who have participated in discovery to

date, albeit in different standing, (Dkt. No. 41-2, Certification of David Forrey dated February 12, 2012, ¶ 6), there is minimal if any prejudice to Defendant.

In that regard, permitting the amendment will not require Defendant to expend significant additional resources to conduct discovery or prepare for trial; nor will it significantly delay these proceedings. Defendant is already in possession of much of the discovery they will need to defend the claims asserted by Plaintiff. Further, any prejudice to the Defendants has been already or can easily be cured with some additional discovery. See Antoine v. KPMG Corp., No. 08-6415, 2010 WL 147928, *5 (Jan. 6, 2010, D.N.J.) (finding that any prejudice from the late amendment could be cured as Defendants would have the opportunity to conduct depositions to address added claim); N.V.E., Inc. v. Palmeroni, No. 06-5455, 2011 WL 1792788 (May 11, 2011, D.N.J.). As such, the Court finds that the will be no undue delay or prejudice should the Court grant the Motion to Amend.

### III.   Conclusion

For the reasons set forth above, Plaintiff's Motion to Amend is hereby **GRANTED.** Plaintiff is to file and serve the Second Amended Complaint within ten (10) days of the date of this Opinion and Order.  **The Clerk of the Court is directed to terminate Docket No. 44**.

   **SO ORDERED**

                                            s/ Cathy L. Waldor
                                            **CATHY L. WALDOR**
                                            **UNITED STATES MAGISTRATE JUDGE**

**DATED: December 28, 2012**

date, albeit in different standing, (Dkt. No. 41-2, Certification of David Forrey dated February 12, 2012, ¶ 6), there is minimal if any prejudice to Defendant.

In that regard, permitting the amendment will not require Defendant to expend significant additional resources to conduct discovery or prepare for trial; nor will it significantly delay these proceedings. Defendant is already in possession of much of the discovery they will need to defend the claims asserted by Plaintiff. Further, any prejudice to the Defendants has been already or can easily be cured with some additional discovery. See Antoine v. KPMG Corp., No. 08-6415, 2010 WL 147928, *5 (Jan. 6, 2010, D.N.J.) (finding that any prejudice from the late amendment could be cured as Defendants would have the opportunity to conduct depositions to address added claim); N.V.E., Inc. v. Palmeroni, No. 06-5455, 2011 WL 1792788 (May 11, 2011, D.N.J.). As such, the Court finds that the will be no undue delay or prejudice should the Court grant the Motion to Amend.

### III.   Conclusion

For the reasons set forth above, Plaintiff's Motion to Amend is hereby **GRANTED.** Plaintiff is to file and serve the Second Amended Complaint within ten (10) days of the date of this Opinion and Order. **The Clerk of the Court is directed to terminate Docket No. 44**.

   **SO ORDERED**

                                            s/ Cathy L. Waldor
                                            **CATHY L. WALDOR**
                                            **UNITED STATES MAGISTRATE JUDGE**

**DATED: December 28, 2012**